IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Christa L. Wilson, | Case No. 3:10 CV 2272 |
|     Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Marion City Police Department, et al., | |
|     Defendants. | |

The Court has reviewed the Magistrate's Report and Recommendation ("R&R") (Doc. No. 26), granting Defendants' Joint Motion for Summary Judgment (Doc. No. 20), as well as Plaintiff's Objection (Doc. No. 29). The Court now adopts the R&R in its entirety.

This case arose after Plaintiff Christa Wilson was mistakenly identified as Kristen Wilson. Defendant Detective Daniel Ice, using a confidential informant, oversaw the undercover purchase of drugs leading to Plaintiff's arrest. Detective Ice, believing the name given to him by his informant was Christa Wilson, sent the results of his investigation to the Marion County Prosecutor (Doc. No. 16 at 2–3). A Marion County grand jury indicted Christa Wilson and she was subsequently arrested (Doc. No. 16 at 3). Plaintiff was released as soon as the mistaken identity was realized (Doc. No. 16 at 4).

Plaintiff filed a Complaint against the Marion City Police Department, MARMET Drug Task Force, Detective Daniel Ice, the City of Marion, the Marion County Sheriff's Department, and the Marion County Commissioners alleging assault, a Section 1983 civil rights violation, negligent infliction of emotional distress, intentional infliction of emotional distress, and defamation (Doc. Nos. 1 & 9). The R&R recommends granting summary judgment on all claims. Plaintiff filed a limited Objection to the R&R (Doc. No. 29).

Plaintiff first argues she was arrested without probable cause because Detective Ice concluded the investigation before verifying her name, leading to a violation of her constitutional rights (Doc. No. 29 at 3). Plaintiff uses the same argument in her Response to Defendants' Motion for Summary Judgment (Doc. No. 23 at 5). The R&R adequately addresses this objection:

> "The finding of an indictment, fair upon its face, by a properly constituted grand jury conclusively determines the existence of probable cause". *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006). If a grand jury indicts an individual after determining there is sufficient evidence to do so, there is no basis for a constitutional violation. *Id.* A Marion County grand jury indicted Plaintiff on two counts of trafficking in heroin on April 1, 2010. An officer arrested Plaintiff pursuant to that indictment, and without contradictory information, on April 9, 2010. Therefore, probable cause existed for Plaintiff's arrest.
> (Doc. No. 26 at 6) (citations to record omitted)

Plaintiff next argues Detective Ice only "claims" he did not know the suspect's name was Kristen and not Christa, and this is merely a tale fabricated to avoid liability (Doc. No 29 at 2). Like the first objection, this rehashes an old argument adequately dispensed with in the R&R:

> Although Plaintiff suggests foul play on behalf of Detective Ice in her Response, the jointly stipulated facts do no support such claims. Factual stipulations are binding and conclusive—and the facts stated are "not subject to subsequent variation." *Christian Legal Soc. v. Martinez*, 130 S. Ct. 2971, 2983 (2010). This Court will not consider an argument contradicting a joint stipulation because factual stipulations are formal concessions with the effect of conceding a factual issue and dispensing with the need to prove the fact. *Id.*
> (Doc. No. 26 at 6).

2

Plaintiff's objections, adequately addressed in the R&R, are not well-taken. Defendants' Joint Motion for Summary Judgment (Document No. 20) is granted. This case is dismissed.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  October 5, 2011